## Ely v. Commonwealth

(Decided September 23, 1919.)

### Appeal from Bell Circuit Court.

Criminal Law—Newly Discovered Evidence.—A new trial will not be granted on the ground of newly discovered evidence when it appears that such evidence would be merely cumulative.

J. G. ROLLINS and J. M. GILBERT for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

Appellant, Ely, was convicted of the crime of shooting and killing John Rice and he prosecutes this appeal from a judgment of the Bell Circuit Court fixing his punishment in accordance with the verdict at confinement in the State Penitentiary for a period of twenty-one years.

The facts are involved in considerable confusion growing out of the circumstance that all of the parties concerned in the affair were drinking heavily when the homicide occurred. Briefly the facts as we understand them are as follows:

Bill and Gabe Ellis, whose sister had married Ely, together with John Rice, the deceased, went to the house of Ely early in the night, for what purpose does not appear nor is there any evidence that previous to this time there had been any bad feelings between any of the parties. Soon after they reached the house, for some unexplained cause, they or some of them became engaged in a drunken quarrel and several shots were fired in the floor of the house by Ely and perhaps some of the others.

After engaging in this sport for a little while the Ellises and Rice left the house of Ely and after going a

short distance Gabe Ellis returned to the house and according to the testimony of Ely cursed and abused him in a violent manner and then went back to where it appears Rice and Bill Ellis were standing. About the time or shortly after he left, Ely claims all or some of them commenced shooting at him and his house and thereupon he got his shot gun and fired at them for the purpose of defending himself and protecting his home and his family. On the other hand, the Ellises say that when they left the house and while they and Rice were walking away, neither of them shooting at or in any way molesting Ely, his family or his house, Ely fired his gun at them and shot Rice in the back of the head, killing him instantly.

There is no complaint about the instructions and the only ground upon which a new trial was sought and a reversal asked is that of newly discovered evidence. This newly discovered evidence is directed to the point that after the Ellises and Rice left the house of Ely they fired several shots, some of which struck his house and that he did not shoot at them until after these shots had been fired at him or his house. Affidavits were made by Charles Snelling, Sherman Miracle, Sol Wilson, Robert Johnson and others to the effect that they found cartridge shells on the ground at the point near where John Rice fell when he was shot, and also saw fresh bullet marks on Ely's house and on some rocks near where Ely was standing when he fired the shot that killed Rice. It it further shown in some of these affidavits that Bill Ellis, shortly after the killing, said that he had fired all of the shots out of his pistol and that John Rice was killed, but he did not know who else.

Much of the evidence that it was averred these newly discovered witnesses would make was merely cumulative and the remainder of it not of sufficient weight to have affected the result of the trial and not much importance should be attached to the fact that shells were found on the ground near the house or that marks made by bullets were found on the house, because all the evidence shows that these people were drunk and two or three of them had pistols and they seem to have been shooting recklessly not only in the house but around the premises before Rice was killed or any disturbance came up. There is no dispute about the fact that Rice was shot in the back of the head after he had left the house and had gone

some distance or about the fact that his pistol was found fully loaded when he fell.

Upon the whole case we are not disposed to disturb the judgment and it is affirmed.